J-S01029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN CHINA EVERETTE | : | |
| | : | |
| Appellant | : | No. 703 MDA 2021 |

Appeal from the Order Entered May 10, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002463-2007

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 09, 2022**

Appellant Kevin China Everette appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Additionally, Appellant's current counsel (Current Counsel) filed a petition to withdraw and a ***Turner/Finley***[2] brief.[3]  We affirm the PCRA court's order and grant Current Counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) (providing the procedure for counsel to withdraw in collateral attacks on criminal convictions); ***see also Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

[3] We note that Current Counsel erroneously filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Because Current Counsel is seeking to withdraw as PCRA counsel, she should have proceeded under the
*(Footnote Continued Next Page)*

A prior panel of this Court summarized the factual history underlying

Appellant's crimes as follows:

> This case arises out of Appellant sexually abusing twin sisters ("Twin A" and "Twin B"), between September and December 2006, when they were fifteen years old and living in Harrisburg with their mother ("Mother") and Appellant, her fiancé. Appellant and Mother broke up in late 2006, at which time Mother prepared to move to Ohio. During the early morning hours of December 2, 2006, while they finished packing up the house and loading the truck, Twin A informed her mother that Appellant had "been messing with her." Mother did not initially take Twin A to a hospital or contact the Harrisburg police because the family was about to leave for Ohio. However, Mother went with the twins to the Harrisburg police on January 4, 2007, and reported what Twin A had disclosed. Eventually, Twin B disclosed that Appellant had raped her. She underwent a medical examination, and both victims began counseling.
>
> The police charged Appellant with [rape, sexual assault, statutory sexual assault, unlawful contact or communication with a minor, indecent assault, corruption of minors, and aggravated indecent assault[4]] on March 27, 2007. Following a three-day trial on September 13, 14, and 15, 2010, the jury convicted Appellant on all charges. The trial court ordered an assessment by the Sex Offenders Assessment Board. Prior to sentencing, the trial court conducted a hearing and found that Appellant met the requirements of a sexually violent predator. The trial court then sentenced Appellant to incarceration for an aggregate sentence of 50 years to 100 years. Appellant received the statutory minimum of 25 to 50 years on the rape conviction and a consecutive statutory minimum of 25 to 50 years on the aggravated indecent

---

*Turner/Finley* requirements. *Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). However, because an *Anders* brief provides greater protection to Appellant, we may accept an *Anders* brief in lieu of a *Turner/Finley* brief. *Id.* For purposes of our discussion, we refer to Current Counsel's brief as the *Turner/Finley* brief.

[4] 18 Pa.C.S. §§ 3121(a)(1), 3124.1, 3122.1, 6318(a)(1), 3126(a)(8), 6301(a)(1), and 3125(8) respectively.

assault conviction.[5]    Thereafter, Appellant filed a timely post-sentence motion for a new trial, which the trial court denied. Appellant filed a timely notice of appeal and, as ordered by the trial court, a timely statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Commonwealth v. Everette*, 1233 MDA 2011 at 1-3 (Pa. Super. filed April 27, 2012) (unpublished mem.) (citations omitted).    This Court affirmed Appellant's judgment of sentence on April 27, 2012.  *Id.*

On October 3, 2012, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel.  After numerous extensions of time and changes in counsel, the PCRA court appointed Current Counsel on September 19, 2019, and permitted Current Counsel to file an amended PCRA petition. After additional extensions were granted, Current Counsel filed an amended PCRA petition on January 11, 2021.  The PCRA court held an evidentiary hearing on March 26, 2021, and on May 6, 2021, the PCRA court denied Appellant's PCRA petition.

On June 4, 2021, Appellant filed a timely notice of appeal.  There is no order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On June 11, 2021, in lieu of filing an additional opinion, the PCRA court filed a statement pursuant to Pa.R.A.P. 1925(a) referring this Court to PCRA court's May 6, 2021 memorandum.

---

[5] It is undisputed that Appellant had two prior convictions for crimes of violence and received mandatory minimum sentences of twenty-five years and maximum sentences of fifty years pursuant to 42 Pa.C.S. § 9714(a)(2).

On November 12, 2021, Current Counsel filed a ***Turner/Finley*** brief in this Court. However, before addressing the merits of the identified claim, we must first consider whether Current Counsel met the technical requirements for withdrawing from representation. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016). As we have explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed . . . under [***Turner*** and ***Finley***] and . . . must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
>         *    *    *
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Id.*** at 510-11 (citations omitted and formatting altered).

Here, Current Counsel's petition to withdraw and brief detail her review of the case and includes the issue Appellant wanted to raise. ***Turner/Finley*** Brief at 11-12. Current Counsel explains why the issue lacks merit and requests permission to withdraw. ***Id.*** at 12; Petition to Withdraw, 11/12/21, at 1-2 (unpaginated). Additionally, Current Counsel provided Appellant with

a copy of the **Turner/Finley** brief and petition to withdraw, as well as a statement advising Appellant of his right to proceed *pro se* or with privately retained counsel. Correspondence, 11/12/21, at 1-2 (unpaginated). Accordingly, we may permit Current Counsel to withdraw if, after our review, we conclude that there are no meritorious issues.

In the **Turner/Finely** brief, Current Counsel identified a claim challenging trial counsel's effectiveness and asserting that trial counsel failed to properly advise Appellant of the Commonwealth's plea offer. **Turner/Finley** Brief at 4. Our standard of review follows:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have

chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered). Moreover:

Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer. Failure to do so may be considered ineffectiveness of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain. Where the PCRA court's determination of credibility is supported by the record, we will not disturb it on appeal.

*Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa. Super. 2001)

(citations omitted).

The PCRA court addressed this issue as follows:

Here, [Appellant] testified that he was initially represented by Attorney Greg Mills and the Dauphin County Public Defender's Office. During the plea bargaining process, [Appellant] pled guilty to a 10-20 year sentence including the rape charge. However, [Appellant] was permitted to withdraw that plea and was appointed subsequent counsel, Attorney Wendy Grella. Trial was set for on or about September 8, 2010. Prior to the start of trial, Attorney Grella conveyed a plea offer to [Appellant] of a 7½ to

15-year sentence. [Appellant] testified that this offer was conveyed immediately prior to the start of trial and that his daughter was in the courtroom. [Appellant] alleges that the reason that he did not accept the plea was because it was unclear whether the Commonwealth was willing to remove the rape charge.

On cross-examination, [Appellant] testified that during the first plea offer, he was engaged in extensive discussion during the plea. However, during the second plea, [Appellant] claims that he did not have time to think about the plea. Additionally, he testified that trial counsel thought that they could beat the rape charges and [Appellant] decided to [go to] trial.

[Attorney Grella] also testified that she spoke numerous times to [Appellant] about pleading guilty. Attorney Grella also indicated that she explained to [Appellant] his rights regarding pleading guilty and that [Appellant] wanted to confront his accusers and proceed to trial. Attorney Grella also testified that she advised [Appellant] prior to proceeding to trial. [Appellant] had notice of [the sentencing] guidelines and was aware that he was facing a 3rd strike offense if found guilty.

Finally, [Appellant's] daughter[, Krista Vinson,] testified[.] Ms. Vinson testified that prior to trial she had a conversation with [Appellant] regarding the offer made by the District Attorney's Office. However, this offer included the rape charge and that [Appellant] did not want to plead guilty to the rape charge. As such, he elected to proceed to trial.

Here, we find trial counsel's testimony credible that she conveyed the offer to [Appellant]. However, [Appellant] was adamant about [going to] trial and was proclaiming his innocence. [Appellant] was no stranger to the plea process and had previously accepted a plea offer in the instant matter but subsequently withdrew that plea. We are constrained to discredit [Appellant's] testimony that he now claims that he would have accepted the plea when he had previously rejected a plea. [Appellant] alleges that he did not want to plead guilty to the rape charge but there is no indication that the rape charge was ever going to be withdrawn.

Additionally, based off the trial counsel's credible testimony that she conveyed the plea offer, that [Appellant] was adamant about [going to] trial in order to proclaim his innocence, that there was no recollection of the Commonwealth withdrawing the rape charge, and that trial counsel previously advised [Appellant] on

his rights prior to trial, counsel cannot be deemed ineffective. In sum, counsel cannot be deemed ineffective when, having fully informed [her] client of a plea offer and its ramifications and relative merit, the client directs counsel not to accept it and counsel follows that direction.

PCRA Ct. Mem., 5/6/21, at 5-7 (footnotes omitted).

After review of the record, we agree with the PCRA court's assessment of Appellant's claim of ineffective assistance of counsel. Appellant was informed of the Commonwealth's plea offer, Appellant refused to accept it, and he opted to go to trial. *See* N.T., 3/26/21, at 28-37. Additionally, the PCRA court concluded that Appellant's claims to the contrary were not credible. *See* PCRA Ct. Mem., at 6-7.

Based on our review, we conclude that the PCRA court's order is supported by the record, and we discern no basis upon which to disturb the PCRA court's credibility determinations. *See Sandusky*, 203 A.3d at 1043-44. As such, Appellant cannot sustain his burden of proving that counsel was ineffective, and we agree with the PCRA court's conclusion that Appellant's claim lacks merit. *See id.*; *see also Muzzy*, 141 A.3d at 510-11.

After reviewing the issue presented in the *Turner/Finley* brief and following our independent review of the record,[6] we agree with Current

_____

[6] As part of our independent review of the record, and as discussed above, Appellant had prior convictions for crimes of violence and, therefore, received mandatory minimum sentences pursuant to 42 Pa.C.S. § 9714(a)(2). We are cognizant that generally, the imposition of a mandatory minimum sentence based on facts not submitted to the jury is unconstitutional. *See Alleyne v. United States*, 570 U.S. 99 (2013). However, the imposition of a mandatory
*(Footnote Continued Next Page)*

Counsel's assessment and conclude that no relief is due. For these reasons, we affirm the order denying Appellant's PCRA petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/09/2022

---

minimum sentence pursuant to Section 9714, based on prior convictions for crimes of violence is an exception. *Commonwealth v. Chichkin*, 232 A.3d 959, 965-66 (Pa. Super. 2020) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Commonwealth v. Reid*, 117 A.3d 777, 785 (Pa. Super. 2015)). Accordingly, Appellant's mandatory minimum sentences were legal, and no relief is due.